## ALFRED W. HOWARD v. LUCRETIA H. WITTERS.

### Chattel Mortgage.    R. L. s. 1965.

1. A chattel mortgage of personal property is superior to a prior real estate mortgage in common form covering the same property, when the mortgagee in the chattel mortgage is in the position of an innocent purchaser.

2. When one sells personal property, and the title passes absolutely, an ordinary real estate mortgage of the same to secure the purchase money is not valid as a vendor's lien as to subsequent bona fide purchasers.

3. The loss of the note secured by a chattel mortgage after the property has been sold by an officer in behalf of the mortgagee, does not affect the legality of the seizure; and in an action of trover between innocent purchasers, involving the title to the property, the mortgage was admissible, and also testimony as to the loss.

TROVER for taking live stock and farming tools. Trial by jury, September Term, 1887, TYLER, J., presiding. The court ruled that the real estate mortgages, under which the plaintiff claimed, were not operative to form any title or lien, as against the chattel mortgage under which the defendant claimed, and directed a verdict for the defendant. The case is stated in the opinion.

*H. N. Deavitt* and *O. P. Ray*, for the plaintiff.

The plaintiff's mortgages are valid as between the parties and all persons having notice, or who could have obtained information by proper inquiry. 48 Vt. 602. The defendant is charged with all facts which she could have learned by proper inquiry. 16 Vt. 109; 17 Vt. 329; 22 Vt. 372; 36 Vt. 684.

The mortgages were operative as a vendor's lien. R. L. s. 1992. Trover will lie. Hair. Dig. p. 487, s. 274; 12 N. H, 385.

*H. E. Powell*, *W. L. Burnap* and *C. W. Witters*, for the defendant.

The plaintiff's mortgages contain none of the elements required by the chattel mortgage statute. R. L. s. 1965. They are ineffectual as to the personalty. *Stafford* v. *Adair*, 57 Vt. 63 ; *Tarbell* v. *Jones*, 56 Vt. 312. There was no notice, actual or constructive, to the defendant. The mortgages were not valid as a vendor's lien. R. L. s. 1992. The mortgage alone, without the note, was sufficient to establish the defendant's title. *Smith* v. *Johns*, 3 Gray, 517 ; 1 Jones, Mort. s. 71 ; 46 Vt. 80 ; 2 Jones, Mort. s. 924, 1469.

The opinion of the court was delivered by

POWERS, J. Lafave and wife conveyed a farm, together with the live stock and farming tools in question, to Chevalier on the 20th day of May, 1882. This conveyance was by a warranty deed, and the personal property passed absolutely. To secure the purchase money, Chevalier, on the same day, executed an ordinary real estate mortgage to the plaintiff to secure $1,000 advanced by the plaintiff to Mrs. Lafave for Chevalier, and another mortgage to Mrs. Lafave to secure the balance of the purchase money, and in both said mortgages attempted to mortgage said personal property.

In December, 1883, Chevalier, who had been in possession of the farm and personal property since May 20, 1882, executed to the defendant a chattel mortgage of the personal property purchased of Lafave, as above stated, to secure a loan then made to him by the defendant. Before taking the chattel mortgage the defendant examined the records of personal mortgages and liens in the town clerk's office, and found no encumbrance upon the property, and had no actual notice of the contents of the plaintiff's deed.

The mortgage of the personal property by Chevalier to the plaintiff was valid between the parties as a common law mortgage. But as to subsequent purchasers, it created no lien upon the property. It lacked the formalities requisite under our

statute to constitute a valid chattel mortgage as against the defendant.

It was not valid as a vendor's lien. The title did not pass from Lafave to Chevalier conditionally, but absolutely. Lafave did not undertake to retain the title when he parted with the possession, but conveyed both to Chevalier, and undertook to make security by way of mortgage back from Chevalier. This cannot be done as against innocent purchasers under our statute relating to vendors' liens.

The defendant's mortgage was properly executed to secure a *bona fide* debt, and it must take precedence of the plaintiff's improperly executed one.

The plaintiff and defendant are two innocent parties suffering from the default of Chevalier, but the plaintiff and his assignor made possible the contingency that has happened.

The defendant's note, secured by her chattel mortgage, had been lost at the time of the trial, but it appeared that the officer making the sale had it at the time of sale, and his computation of the indebtedness secured by the mortgage was based upon it. If Chevalier owed the debt secured by the mortgage, the defendant had the right, under the statute, to seize the property and sell it. If the note then or since happened to be lost the seizure is none the less legal.

The judgment is affirmed.